UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 3:18-CR-063 |
| | ) | |
| JASMINE LAGAIL MASON | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [Doc. 34]. The United States has responded in opposition [docs. 37-38] and the defendant has not replied within the time allowed by this Court's Local Rules. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

In May 2019, the Honorable Tena Campbell sentenced the defendant to a below-guidelines term of 120 months' imprisonment for possessing methamphetamine with the intent to distribute, and for possessing a firearm in furtherance of that crime. The defendant is presently incarcerated at FMC Lexington with a projected release date of March 16, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 8, 2021). She now moves for compassionate release in light of the COVID-19 pandemic, obesity, hypertension, fecal impaction, asthma, anxiety, PTSD, and her rehabilitative efforts.[1]

---
[1] The defendant also raises issues pertaining to her conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on her behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit previously turned to

---

the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). There is no evidence that this defendant has exhausted her administrative remedies on those claims, nor is she incarcerated in this judicial district.

U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 34; doc. 37, Ex. 1]. The Court thus finds that it has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of her motion the defendant cites the COVID-19 pandemic, obesity, hypertension, fecal impaction, asthma, anxiety, PTSD, and her rehabilitative efforts.

At the defendant's prison, there are currently one inmate and two staff members positive for COVID-19, with 559 inmates and 106 staff having recovered, and nine inmate deaths. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 8, 2021). These numbers are historically significant, but the Court simultaneously notes that

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

outside the prison setting our nation remains in crisis in terms of COVID diagnoses, variants, hospitalizations, and deaths. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at the defendant's prison 395 staff and 1,041 inmates have now been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 8, 2021). After refusing vaccination in February 2021, the instant defendant received her first dose on August 10, 2021. [Doc. 38]. The medical record before the Court, which was generated only two days later on August 12, 2021, does not show that the defendant has received her second dose, but there is also no indication that the second dose is not available to her. [*Id.*].

BOP medical records further confirm that the defendant has been diagnosed with, and receives treatment for, hypertension, obesity, anxiety disorder, PTSD, unspecified constipation, allergies, and "unspecified abnormalities of breathing." [*Id.*]. Cysts have been noted on her left kidney and left ovary. [*Id.*].

4

The BOP categorizes the defendant as Care Level 1. [Doc. 37, Ex. 2]. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Nov. 8, 2021).

Obesity and certain mood disorders are conditions which "can" increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 8, 2021). The same is "possibly" true for hypertension. *Id*.

However, as noted, the defendant has received her first dose of the COVID-19 vaccine, and there is no indication that she has not also received the second dose, or that the second dose is unavailable to her. The Sixth Circuit Court of Appeals has recently held that, "even recognizing the purported seriousness of his condition," a defendant's

> access to the COVID-19 vaccine substantially undermines his request for a sentence reduction. To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id*.

5

*See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Even more recently, the Sixth Circuit issued its published ruling in *United States v. Traylor*, ___ F.4th ___, 2021 WL 5045703 (6th Cir. Nov. 1, 2021). In *Traylor*, the appellant sought compassionate release "due to her various health ailments (e.g., diabetes, sleep apnea, asthma, obesity, being a recent organ transplant recipient, and use of immunosuppressive therapy)." *Id.*, 2021 WL 5045703, at *1. The Sixth Circuit "[a]ccept[ed] the serious nature of Traylor's alleged medical conditions" but nonetheless held that her argument was foreclosed by *Lemons*' "holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *Id.* (citing and quoting *Lemons*).

The published holdings in *Lemons* and *Traylor* bind this Court. *See, e.g., Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). As such, the present defendant has not carried her burden of showing extraordinary and compelling grounds for compassionate release. For that reason alone, her motion will be denied. *See Elias*, 984 F.3d at 519.

The defendant's rehabilitative efforts do not impact the Court's conclusion, even though her coursework and apparent lack of disciplinary infractions are certainly applauded. Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

In any event, compassionate release in this case would also be inconsistent with the 18 U.S.C. § 3553(a) factors. Pursuant to that statute,

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

. . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

7

> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, the defendant was arrested in possession of more than 238 grams of methamphetamine, a substantial amount which would have caused incalculable harm to this region. [Doc. 20, ¶ 13]. Further, when arrested, there was a loaded pistol in the defendant's purse and a loaded AR-15 rifle in the vehicle she was driving. [*Id.*]. Although the defendant has no prior convictions [*id.*, ¶¶ 31-33], her conduct in this case was extremely serious and is deserving of harsh punishment. Additionally, the defendant's obesity predates the instant offense and was insufficient to keep her from dealing methamphetamine while armed. [*Id.*, ¶ 40].

More than five years of actual time remain on the defendant's 10-year sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). Compassionate release on the facts of this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

8

Case 3:18-cr-00063-RLJ-HBG   Document 40   Filed 11/15/21   Page 8 of 9   PageID #: 563

## III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 34] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge